UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-39-F

| | | |
|---|---|---|
| AUDIO-VIDEO WORLD OF | ) | |
| WILMINGTON, INC., | ) | |
| INTERNATIONAL TRADE & | ) | |
| INVESTMENT, LLC, CLARA GROVE, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MHI HOTELS TWO, INC., f/k/a MHI | ) | |
| RECOVERY MANAGEMENT, INC., | ) | |
| MHI HOTELS SERVICES, LLC, and | ) | |
| MHI HOTELS, INC., | ) | |
| Defendants. | ) | |

This matter is before the court on the Plaintiffs' Motion to Seal Exhibits Containing Confidential Information [DE-63].

Plaintiffs move the court, pursuant to this court's Electronic Case Filing Administrative Policies and Procedures Manual Section T(1)(a)(1) ("the Policy Manual"), to permanently seal Exhibits A, C, E, F, H, and I that are attached to Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification and located at Docket Entry 59. These exhibits consist of the Minutes of the January 21, 2007, meeting of the Shell Island Homeowners Association Board of Directors ("BOD"); the Minutes of the December 11, 2007, meeting of the BOD; the entire deposition transcripts of Jan Bass and Clara Grove; a "Memo for the Record" details the procurement process to determine a central rental agent; and the Minutes of the October 31, 2008, meeting of the BOD.

Rule T(1)(a)(1) provides the following:

Except for motions filed under seal in accordance with Section T(1)(a)7 of this Policy Manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i)     the exact document or item, or portions thereof, for which filing under sale is requested;

(ii)    how such request to seal overcomes the common law or the First Amendment presumption to access;

(iii)   the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv)   the reasons why alternatives to sealing are inadequate; and

(v)    whether there is consent to the motion.

**In addition to the motion and the supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of this Policy Manual.**

Policy Manual (emphasis in original). Plaintiffs' Motion to Seal contends that Exhibits A, C, E, F, H and I should be sealed because they were produced to Defendants and designated as "Confidential" pursuant to a Consent Protective Order filed on October 6, 2009 [DE-37]. The Consent Protective Order includes requirements for motions to seal that are nearly identical to the provisions of Rule T(1)(a)(1) of the Policy Manual. *See* Consent Protective Order [DE-37] ¶ 10.

The Policy Manual and the Consent Protective Order includes such requirements so that the court may comply with Fourth Circuit precedent when ruling on motions to seal. *See, e.g., Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988)(explaining that prior to sealing court documents, a district court must first determine the source of the public's right to access to the documents: the common law or the First Amendment); *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984)(explaining the procedures a district court must comply with prior to ordering

2

that documents be sealed, including making specific findings about why sealing is necessary and why less drastic alternatives to sealing will not suffice). Although Plaintiffs cite the Consent Protective Order [DE-37] as the justification for sealing the exhibits, "this order cannot be deemed to permit the wholesale filing of documents under seal." *In re Red Hat, Inc. Securities Litigation*, 261 F.R.D. 83, 94 (E.D.N.C. 2009). Instead, the parties must comply with the requirements set forth in the Consent Protective Order and the Policy Manual, so in turn this court may comply with Fourth Circuit precedent.

In an order filed on July 2, 2010 [DE-66], the court stated it was reserving ruling on the Motion to Seal [DE-63], and directed the Plaintiffs to file a supplement, within fourteen days, which complies with the requirements of the Policy Manual, the Consent Protective Order, and Fourth Circuit precedent. Although the deadline for filing a supplement has passed, Plaintiffs have not filed a supplement. Consequently, Plaintiffs have failed to make the showing necessary to permanently seal Exhibits A, C, E, F, H and I.

Accordingly, the Motion to Seal [DE-63] is DENIED. The Clerk of Court is DIRECTED to lift the temporary seal of Exhibits A, C, E, F, H and I at Docket Entry 59.

SO ORDERED.

This, the 9th day of August, 2010.

JAMES C. FOX
Senior United States District Judge